UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EAGLE WEST INSURANCE COMPANY, a California Corporation,<br><br>        Plaintiff,<br><br>    v.<br><br>CONTINENTAL CASUALTY COMPANY, an Illinois corporation; and THE CONTINENTAL INSURANCE COMPANY, a New York corporation,<br><br>        Defendants. | Case No. C22-1226-RSM<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

## I.    INTRODUCTION

This matter comes before the Court on Motions for Summary Judgment filed by Defendants Continental Casualty Company and the Continental Insurance Company (collectively "CNA") (Dkt. #19) and Plaintiff Eagle West Insurance Company ("Eagle West") (Dkt. #20). Having considered the parties' pleadings and responses, as well as the remainder of the record, and having heard oral argument on this matter, the Court GRANTS Defendants' Motion and DENIES Plaintiff's Motion.

## II.    BACKGROUND

CNA and Eagle West are insurance companies. CNA filed this action against Eagle West on August 31, 2022. Dkt. #1. CNA brings a claim for declaratory relief and a claim for

ORDER - 1

contribution and/or indemnity against Eagle West. *Id.* In its Motion for Summary Judgment before the Court, Eagle West seeks a declaration that it is entitled to contribution and/or indemnification from CNA for amounts Eagle West paid to settle claims against the parties' mutual insured in the underlying lawsuit, *Chindamany v. F&L, et al.,* King County Superior Court Case No. 20-2-01720-5 (the "Underlying Action"). Dkt. #20. Meanwhile, CNA seeks dismissal of Eagle West's claims. Dkt. #19.

The facts giving rise to the Underlying Action are as follows. Kami Limited Partnership, Milkie Studio, Inc., Olive Building LLC, and Rizit Company (collectively "Kami") purchased the Hudson Apartments, located at 2450 Aurora Avenue North, in Seattle (the "Apartments"), in the beginning of 2019. Dkt. #1 ¶ 9. On or about March 1, 2019, Kami hired Thrive Communities Management LLC ("Thrive") as property manager for the Apartments. *Id.* ¶ 10. On or about May 17, 2019, Lena Chindamany was injured in a fall from a rooftop deck at the Apartments. Ms. Chindamany subsequently sued Kami, Thrive, and others for damages flowing from her injuries. *Id.* ¶¶ 11–12.

At times relevant, Eagle West insured Kami under Businessowners Policy No. 25-BOP-2-070007547 (the "Eagle West Primary Policy"). *Id.* ¶ 13. Thrive was also an insured under the Eagle West Primary Policy in its capacity as Kami's real estate manager and/or by virtue of a Limited Blanket Additional Insured Endorsement in that policy. *Id.* ¶ 14. Eagle West also insured Kami under Commercial Umbrella Policy No. 25-CUL-2- 070007736 (the "Eagle West Umbrella Policy"). *Id.* ¶ 15. Thrive was also an insured under the Eagle West Umbrella Policy in its capacity as Kami's real estate manager. *Id.* ¶ 16. CNA also insured Thrive under Policy No. 6072817176 (the "CNA Primary Policy") and under Excess/Umbrella Policy No. 6072817193 (the "CNA Umbrella Policy"). *Id.* ¶¶ 17–18.

ORDER - 2

In the Underlying Action, Eagle West paid $2,875,000 to settle the claims against Kami and Thrive: $1,000,000 was paid under the Eagle West Primary Policy, and $1,875,000 was paid under the Eagle West Umbrella Policy. *Id.* ¶ 19. It is undisputed that this lump-sum settlement payment was made in an unallocated manner, i.e., the settlement was made on behalf of multiple defendants in the Underlying Action including Kami Limited Partnership, Milkie Studio, Inc., Olive Building LLC, Rizit Company, and Thrive. Dkt. #29 at 9. CNA did not contribute toward settling the claims against Thrive in the Underlying Suit. *Id.* ¶ 20. While the insureds, Kami and Thrive, released their claims against each other via settlement in the Underlying Action, Eagle West's right to pursue a contribution action against CNA was reserved. Dkt. #24 at 18–23 (sealed) ("Release and Settlement Agreement").

Eagle West does not dispute that its primary policy was first in priority of coverage. However, it maintains that CNA had a duty to pay under its primary policy before the Eagle West Umbrella Policy applied and thus, Eagle West claims it is entitled to equitable contribution and/or equitable indemnity from CNA for the settlement paid in the Underlying Action. Dkt. #20 at 3. In other words, Eagle West does not dispute it should have paid $1,000,000 (the limit of the Eagle West Primary Policy) but seeks equitable contribution/indemnity as to the remaining $1,875,000. Meanwhile, CNA argues that Eagle West has no right of contribution or indemnity. *See* Dkt. #19.

### III.   SUMMARY JUDGMENT LEGAL STANDARD

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 24 (1986). Material facts are those which might affect the outcome of the suit under governing law. *Anderson*, 477 U.S. at

ORDER - 3

248. In ruling on summary judgment, a court does not weigh evidence to determine the truth of the matter, but "only determine[s] whether there is a genuine issue for trial." *Crane v. Conoco, Inc.*, 41 F.3d 547, 549 (9th Cir. 1994) (citing *Federal Deposit Ins. Corp. v. O'Melveny & Myers*, 969 F.2d 744, 747 (9th Cir. 1992)).

On a motion for summary judgment, the court views the evidence and draws inferences in the light most favorable to the non-moving party. *Anderson*, 477 U.S. at 255; *Sullivan v. U.S. Dep't of the Navy*, 365 F.3d 827, 832 (9th Cir. 2004). The Court must draw all reasonable inferences in favor of the non-moving party. *See O'Melveny & Myers*, 969 F.2d at 747, *rev'd on other grounds*, 512 U.S. 79 (1994). However, the nonmoving party must make a "sufficient showing on an essential element of her case with respect to which she has the burden of proof" to survive summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

The Court's task in interpreting an insurance contract is well-settled: it looks to the whole contract, giving it a fair, reasonable, and sensible construction. *Holden v. Farmers Ins. Co.,* 169 Wash.2d 750, 755–56, 239 P.3d 344 (2010). Washington law provides that an "[i]nsurance contract should be given a practical and reasonable, rather than a literal, interpretation, and should not be given a construction which would lead to an absurd conclusion or render the policy nonsensical or ineffective." *Wash. Pub. Util. Dists.' Utils. Sys. v. Pub. Util. Dist. No. 1 of Clallam Cnty.,* 112 Wash.2d 1, 11, 771 P.2d 701 (1989). Put another way, a court "may not give an insurance contract a strained or forced construction which would lead to an extension or restriction of the policy beyond what is fairly within its terms." *McAllister v. Agora Syndicate, Inc.,* 103 Wash.App. 106, 110, 11 P.3d 859 (2000).

//

//

ORDER - 4

## IV. ANALYSIS

Eagle West argues that the Court should follow Washington law and determine the priority of coverage for the four policies at issue: the Eagle West Primary Policy, Eagle West Umbrella Policy, CNA Primary Policy, and CNA Umbrella Policy. Eagle West does not dispute that an "other insurance" clause analysis of the primary policies results in the Eagle West Primary Policy paying first dollar. However, it argues that once the Eagle West Primary Policy was exhausted, the CNA Primary Policy was next in the priority of coverage and owed the next million in settlement dollars before the Eagle West Umbrella Policy was required to pay. Dkt. #20 at 15.

CNA argues that the Court should not even reach the issue of the priority of coverage. One of CNA's arguments is that Eagle West's contribution claim fails as a matter of law because the settlement sum at issue was paid in an unallocated manner on behalf of a different set of insureds than those which were covered by CNA. Dkt. #19 at 19. Specifically, Eagle West's $2,870,000 payment was made on "behalf of Kami Limited Partnership, F&L, Olive Building, Milkie Studio, Rizit Company" in addition to Thrive. *See* Dkt. #25 at 2 (sealed). Eagle West does not dispute that the settlement amount was unallocated, it also does not dispute that CNA only insures Thrive, but not the other Defendants in the Underlying Action. And neither in its briefing, nor during oral argument, has Eagle West argued it can allocate what portion of the $2.87 million settlement is attributable to Thrive's fault. Eagle West solely argues that it does not bear the burden to allocate the settlement between its insureds based on the cases cited by CNA—specifically, *Weyerhaeuser Co. v. Com. Union Ins. Co.*, 142 Wn.2d 654, 15 P.3d 115 (2000), as amended (Jan. 16, 2001) and *Pederson's Fryer Farms, Inc. v. Transamerica Ins. Co.*, 83 Wn. App. 432, 922 P.2d 126 (1996). *See* Dkt. #29 at 9.

ORDER - 5

The Court finds that Eagle West's admission that the settlement sum is unallocated and Eagle West's inability to allocate what portion of the sum is attributable to Thrive defeats its contribution claim. It is a "generally accepted principle" in insurance law that "after a settlement, the court is not required to resolve all fact and legal issues in the underlying case, but simply to determine what reasonable allocations should have been made by the parties, considering uncertainties in both fact and law known at the time of the settlement." *Nordstrom, Inc. v. Chubb & Son, Inc.,* 54 F.3d 1424, 1432 (9th Cir. 1995), *as amended on denial of reh'g* (Aug. 1, 1995) (citations omitted and cleaned up); *see also Waite v. Aetna Casualty & Sur. Co.*, 77 Wash.2d 850, 467 P.2d 847, 853 (1970) (allowing allocation where there was a "reasonable basis"). Presented with a black box settlement made on behalf of five entities—the Court cannot determine a reasonable allocation here. For that reason, the Court shall not address the issue of priority coverage and GRANTS Defendants' Motion for Summary Judgment.

## V.   CONCLUSION

Having reviewed the relevant briefing, attached declarations, and the remainder of the record, the Court hereby finds and ORDERS:

1) CNA's Motion for Summary Judgment (Dkt. #19) is GRANTED.

2) Eagle West's Motion for Summary Judgment (Dkt. #20) is DENIED.

3) This case is CLOSED.

DATED this 26th day of September, 2023.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER - 6