UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EAGLE WEST INSURANCE COMPANY, a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>CONTINENTAL CASUALTY COMPANY, an Illinois corporation; and THE CONTINENTAL INSURANCE COMPANY, a New York corporation,<br><br>Defendants. | Case No. C22-1226RSM<br><br>ORDER DENYING MOTION FOR RECONSIDERATION |

This matter comes before the Court on Plaintiff Eagle West Insurance Company's Motion for Reconsideration. Dkt. #35. The parties here are insurance companies. Plaintiff filed this action seeking a declaration of the parties' coverage obligations with respect to an underlying lawsuit where there was a settlement. On April 14, 2023, the parties filed motions for summary judgment. The Court heard oral argument on September 12, 2023. On September 26, 2023, the Court granted Defendants' Motion for Summary Judgment and dismissed this case. Dkt. #34. The Court found that Plaintiff's request for contribution from Defendants could not be granted because the underlying settlement had an unallocated "black box" sum

ORDER DENYING MOTION FOR RECONSIDERATION - 1

and that Plaintiff could not now ask the Court to allocate a portion of the sum attributable to Defendants' insured, a property manager named Thrive.

The instant Motion was filed fourteen days later. Plaintiff's Motion repeats the above findings but argues that they do not support the Court's conclusion. Plaintiff cites to *Valley Ins. Co. v. Wellington Cheswick, LLC*, 2006 U.S. Dist. LEXIS 81049 (W.D. Wash. 2006) as an analogous case. Dkt. #35 at 2. Plaintiff contends that the Court should have determined the reasonable allocations that could have been made by the parties because there is a reasonable basis to do so. *Id*. Plaintiff argues that it offered such a reasonable basis for a 50/50 split between the property owner Kami and the property manager Thrive at oral argument. Plaintiff maintains that "the Court erred in placing the burden on Eagle West to allocate what portion of the $2.87 million settlement was allocable to Thrive." *Id*. at 5. Plaintiff also requests that the Court determine priority of coverage and consider equitable contribution. *Id*.

"Motions for reconsideration are disfavored." LCR 7(h)(1). "The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." *Id*. "The motion shall point out with specificity the matters which the movant believes were overlooked or misapprehended by the court, any new matters being brought to the court's attention for the first time, and the particular modifications being sought in the court's prior ruling." LCR 7(h)(2).

Plaintiff's Motion repeats previously presented arguments and cites to previous cases to make some of the same arguments considered and rejected by the Court. Plaintiff fails to point to manifest error or present new facts or legal authority which could not have been brought to the Court's attention earlier with reasonable diligence. It was not manifest error to place the

burden on Plaintiff to allocate the settlement under these facts because it was the settling party for a lump sum payment.  *See Litho Color, Inc. v. Pac. Emps. Ins. Co.*, 98 Wash. App. 286, 296, 991 P.2d 638 (1999) (citing *Mills v. Department of Labor and Industries*, 72 Wash. App. 575, 577-78, 865 P.2d 41 (1994), *review denied*, 124 Wn.2d 1008, 879 P.2d 292 (1994).  The Court correctly found that there was no reasonable basis for the Court to allocate between settling defendants in the underlying case.  Accordingly, this Motion is properly denied.  Plaintiff has failed to demonstrate that the Court otherwise erred in not granting equitable contribution.  *Valley Ins. Co. v. Wellington Cheswick, LLC*, *supra*, is insufficiently analogous as that case involved contribution for defense costs, not indemnification.  The rule for indemnity claims is different, as an insurer seeking contribution must prove that it actually paid costs for a common insured.  *See Valley Ins. Co. v. Wellington Cheswick, LLC*, No. C05-1886RSM, 2007 WL 419321, at *5 (W.D. Wash. Jan. 31, 2007).  The Court concludes there is no other basis to reconsider its prior ruling.

Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that Plaintiff Eagle West Insurance Company's Motion for Reconsideration, Dkt. #35, is DENIED.  This case remains closed.

DATED this 30th day of November, 2023.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER DENYING MOTION FOR RECONSIDERATION - 3